UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

DOLORES REYES,

          Plaintiff,

v.

CITY WATCH PROTECTIVE SERVICES,
INC. and PERCY PALMA,

          Defendants.

## COMPLAINT

Plaintiff DOLORES REYES ("Plaintiff"), by and through the undersigned counsel, sues defendants (collectively, the "Defendants") and alleges:

## JURISDICTION

1.    This is an action to recover money damages for unpaid overtime wages under the laws of the United States and unpaid wages under Florida Common Law. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the FLSA") and supplemental jurisdiction pursuant to 28 USC §1367.

2.    The Court has supplemental jurisdiction over the state law claim because the facts regarding Plaintiff's state law claim are so related to the Federal claims that they form part of the same case or controversy.

## VENUE

3.    Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.



4.      Defendant CITY WATCH PROTECTIVE SERVICES, INC. (the "Corporate Defendant") is a Florida company having its main place of business in Miami-Dade County, Florida. Plaintiff worked for Defendant at several locations in Miami-Dade and Broward County. At all times material the Corporate Defendant hereto was and is engaged in interstate commerce.

5.      Defendant PERCY PALMA (the "Individual Defendant") was, and is now, the owner, director, and/or high-ranking officer of the Corporate Defendant.  Upon information and belief, the Individual Defendant is a resident of Miami-Dade County, Florida. Venue is proper under 28 U.S.C. § 1391(b) since both defendants reside within the Southern District of Florida and the events giving rise to the claims in this suit occurred within the Southern District of Florida.

6.      The Corporate Defendant is an enterprise under the FLSA.

**COUNT I: VIOLATIONS BY THE CORPORATE DEFENDANT
(UNPAID OVERTIME and MINIMUM WAGES UNDER THE FLSA)**

7.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8.      This action is brought by Plaintiff, to recover from the Corporate Defendant unpaid minimum wages and unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

WWW.SAENZANDERSON.COM



9. Section 206(a)(1) of the Act states: "[A]n employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce..." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10. The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

11. In Florida, the minimum wage in year 2017 was $8.10 per hour. The minimum wage in year 2018 was $8.25 per hour.

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provide its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of the Corporate

Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

13. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and Plaintiff, was engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies. The Corporate Defendant, through its business activities, affects interstate commerce. Plaintiff's work for The Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a security guard for the Corporate Defendant's business.

14. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed.

15. Plaintiff worked for the Corporate Defendant as a security guard from approximately June 5, 2019 through March 9, 2020, then from May 13, 2020 to May 15, 2020 and then on June 5, 2020.  In total, Plaintiff worked approximately 41 compensable weeks under the FLSA, or 41 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

16. The Corporate Defendant paid Plaintiff on average approximately $10.00 per hour.

17. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

WWW.SAENZANDERSON.COM



4

18. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

19. While employed by the Corporate Defendant, Plaintiff routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one-half times the regular rate at which she was employed. Therefore, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. The Corporate Defendant never paid for any hour at time and one-half.

20. In addition, the Corporate Defendant was in the habit of routinely "shaving off" from Plaintiff's weekly salary hours that she worked. As a result, the Corporate Defendant paid Plaintiff less hours than she actually worked. Therefore, the Corporate Defendant paid $0.00 for certain hours that Plaintiff worked for the Corporate Defendant.

21. On more than one occasion the Corporate Defendant charged Plaintiff two, three and four times for a single uniform, although Plaintiff initially paid the full purchase price of One Hundred Dollars ($100.00) for her uniforms at the time they were given to her. The Corporate Defendant failed to reimburse Plaintiff even after being notified by Plaintiff that she already paid for these uniforms, resulting in Plaintiff paying an exorbitant amount of approximately $900.00 in uniform costs. The Corporate Defendant therefore also failed to pay Plaintiff her proper minimum wages when it charged Plaintiff for the uniforms.

22. Plaintiff seeks to recover unpaid minimum wages and overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.



23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $10,250.00**

      i. <u>Calculation</u>: $10.00 (hourly pay) x .5 (overtime rate) x 50 (approximate number of weekly overtime hours) x 41 (compensable weeks) = **$10,250.00**

   b. **Liquidated Damages: $10,250.00**

   c. **Total Damages: $20,500.00,** plus reasonable attorneys' fees and costs.

24. Because Plaintiff does not have complete attendance and paystubs records, she is not able to state the total amount of weeks where her earnings were "shaved off", and therefore the total amount of weeks that she is owed minimum wages.

25. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Corporate Defendant to properly pay her at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the FLSA.

26. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above, and Plaintiff is entitled to recover double damages.

27. The Corporate Defendant never posted any notice, as required by the FLSA, to inform employees of their federal rights to overtime wage payments.

28. In addition, the Corporate Defendant failed to properly compensate Plaintiff for all hours worked at the prevailing minimum wage.

29. The Corporate Defendant also failed to post notice of employees' rights to minimum wages.

30. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

31. The Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the FLSA and the Code of Federal Regulations.

32. Corporate Defendant misclassified Plaintiff as "independent contractor" in a clear attempt to circumvent FLSA law.  This is also proof that the Corporate Defendant knowingly violated the FLSA.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Corporate Defendant on the basis of the

WWW.SAENZANDERSON.COM



   Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT II: VIOLATIONS BY THE INDIVIDUAL DEFENDANT
### (UNPAID OVERTIME and MINIMUM WAGES UNDER THE FLSA)

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

35. At the times mentioned, the Individual Defendant was, and is now, the owner, director, and/or high-ranking officer of the Corporate Defendant. The Individual Defendant was Plaintiff's employer within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that the Individual Defendant acted directly or indirectly in the interests of Corporate Defendant in relation to the employees of Corporate Defendant, including Plaintiff. The Individual Defendant had operational control of Corporate Defendant, was involved in the day-to-day functions of Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

WWW.SAENZANDERSON.COM



36. The Individual Defendant is, and was at all times, a relevant person in control of Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) their employees in accordance with the FLSA.

37. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime and minimum compensation as required by the laws of the United States as set forth above and remains owing Plaintiff overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff against the Individual Defendant on the basis of the Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

WWW.SAENZANDERSON.COM



39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

40. The Corporate Defendant employed Plaintiff from approximately June 5, 2019 through March 9, 2020, then from May 13, 2020 to May 15, 2020 and then again on June 5, 2020. (approximately 41 weeks). Plaintiff, at all times relevant, was an employee of the Corporate Defendant.

41. Corporate Defendant misclassified Plaintiff as an independent contractor.

42. The Corporate Defendant employed Plaintiff as a security guard and agreed to pay her for her hours worked at a rate of $10.00 per hour.

43. Corporate Defendant never paid Plaintiff for the work she performed on the last 2 weeks of Plaintiff's employment. Corporate Defendant did not pay Plaintiff at all.

44. All the hours worked by Plaintiff for the benefit of the Corporate Defendant were worked within the State of Florida.

45. The Corporate Defendant owes Plaintiff unpaid wages in the amount of at least $370.00.

46. As a result, Plaintiff has been damaged.

47. The Corporate Defendant owes Plaintiff her wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

48. Plaintiff has retained undersigned counsel to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

WWW.SAENZANDERSON.COM



**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. An award to Plaintiff and against the Corporate Defendant for actual damages in the amount shown to be due for unpaid wages, with interest;

` B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

Dated: June 30, 2020.

> Respectfully submitted,
>
> By: **Tanesha W. Blye**
> Tanesha W. Blye, Esq.
> Fla. Bar No.: 0738158
> R. Martin Saenz, Esq.
> Fla. Bar No.: 0640166
> Yadhira Ramírez-Toro, Esq.
> Fla. Bar No. 120506
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 NE 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile: (305) 652-5859
> *Attorneys for Plaintiff*

WWW.SAENZANDERSON.COM

